**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**DILLINGER CODY BRUMALE,**

**Defendant.**

**Case No. 26-CR-126-JFH**

**OPINION AND ORDER**

Before the Court are the United States of America's ("Government") Notices of Intent to Impeach Defendant with Prior Conviction ("Rule 609 Notice") [Dkt. No. 19] and to Admit Evidence as Res Gestae or Under Federal Rule of Evidence 404(b) ("Prior Acts Notice") [Dkt. No. 21]. Defendant Dillinger Cody Brumale ("Defendant") has not objected to the Government's Notices. Ultimately, the admissibility of evidence proffered in the Government's Prior Acts Notice is HELD IN ABEYANCE, but the evidence proffered in its Rule 609 Notice is ADMISSIBLE.

**BACKGROUND**

This case arises from Defendant's alleged theft of a firearm at a pawn shop in Muskogee, Oklahoma, on June 20, 2026. On that date, Chris Rankin called local police about a theft at the pawn shop. Upon arriving, police met with Rankin, where he stated that a white male with tattoos came into the pawn shop and asked to borrow a phone. At some point after, the male placed a Chiappa 22LR Revolver and nightscope in his pants and left the store. The store's surveillance cameras captured the male taking the items.

The male who stole the items left his backpack in the store. That backpack contained several personal items, including a card with the name "Chaelyn Jones" on it. Investigators conducted a search of Ms. Jones' background and learned that Jones and Defendant had been

arrested for stealing from a Walmart and Academy Sports in Muskogee, Oklahoma on June 6-7, 2026. Those arrests resulted in state charges in Muskogee County case number CF-2026-408. According to the Government, surveillance footage from Walmart and Academy Sports clearly showed Defendant and Jones' faces as they left the stores on June 6-7, 2026. That surveillance footage was then used to identify Defendant as the individual who stole the firearm from the pawn store on June 20, 2026.

Ultimately, a federal grand jury indicted Defendant on September 15, 2026, for stealing a firearm from a federal firearms licensed dealer in violation of 18 U.S.C. §§ 922(u), 924(h)(i)(1); possessing a stolen firearm in violation of 18 U.S.C. §§ 922(j), 924(a)(2); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). Dkt. No. 2.

## ANALYSIS

### I. The Government's Prior Acts Notice [Dkt. No. 21]

In its Prior Acts Notice, the Government seeks to admit "evidence obtained in the investigation" of Defendant's June 6 and 7 offenses as res gestae or under Rule 404(b). Dkt. No. 21 at 1. However, the Government is unclear as to which "evidence obtained in the investigation" of Defendant's June 6 and 7 offenses it seeks to admit. The Walmart/Academy Sports surveillance footage of Defendant on June 6 and 7 was undoubtedly a critical part of law enforcement's investigation because it allowed law enforcement to identify the man leaving Walmart and Academy Sports on June 6 and 7 as the *same man* who stole several items from the pawn shop on June 20, 2026. But the Government is unclear on what evidence it will use to prove that the man *was Dillinger Cody Brumale*. For example, will the Government offer the Muskogee County charges against Brumale to prove that Brumale was the man in the footage? Or does the

Government intend to offer whatever evidence state law enforcement relied upon to link Brumale to the footage? Because the Government does not say, the Court cannot rule on this Notice.

Accordingly, the Government must supplement its Prior Acts Notice within seven days of entry of this Order. In its supplement, the Government should specify what "evidence obtained in the investigation" of Defendant's June 6 and 7 offenses it seeks to admit. Failure to do so may result in exclusion of this evidence.

## II. The Government's Rule 609 Notice [Dkt. No. 19]

In its Rule 609 Notice, the Government seeks to impeach Defendant with his prior conviction for first-degree burglary in Oklahoma District Court of Murray County case number CF-2014-179. Dkt. No. 19. Defendant was sentenced in January 2016 to eight years imprisonment in that case. This conviction is ADMISSIBLE for impeachment purposes.

Federal Rule of Evidence 609 provides several scenarios where a party can impeach a defendant-witness's character for truthfulness with his or her prior criminal convictions. Relevant here, if less than ten years have passed since the defendant-witness's conviction or release from confinement for it, and the conviction was for a crime punishable by death or imprisonment for over one year, then that conviction must be admitted for impeachment if "the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). The Tenth Circuit has identified five factors to consider whether exclusion of evidence is warranted under this Rule. *See United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014). These are: (1) the impeachment value of the defendant's prior offenses; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past offenses and charged crimes; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial. *Id.* The Court will analyze each of these factors below.

*(1) Impeachment Value*: The first *Smalls* factor requires the Court to evaluate the impeachment value of a defendant's prior crimes. *Id.* "[A] prior conviction is more likely to be admissible where it involves a crime that bears on defendant's credibility." *United States v. Ahaisse*, No. 2020-CR-106-CVE, 2021 WL 2290574, at *2 (N. D. Okla. June 4, 2021). "[T]he fact that a defendant has committed a burglary is relevant to the determination of whether he is likely to be truthful under oath." *United States v. Pritchard*, 973 F.2d 905, 909 n. 6 (11th Cir. 1992); *see also United States v. Brown*, 784 F.2d 1033, 1039 (10th Cir. 1986) (affirming admission of prior burglary conviction under Rule 609). So, this factor weighs in favor of admission.

*(2) Temporal Proximity*: The second factor considers the duration of time between a defendant's prior convictions and the current offense. Importantly, "the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *2 (N.D. Okla. June 4, 2021) (quoting *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014)). Here, Defendant was released from imprisonment within the last five years, and then allegedly committed the above federal offenses. Given this short time period between his release and his new offenses, this factor favors admission.

*(3) Similarity to the Current Offenses*: The third *Smalls* factor, which compares the similarity of the current charged crime to a defendant's prior convictions, "weighs against admitting the prior conviction for impeachment if the crimes are similar." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *3 (citing *Caldwell*, 760 F.3d at 288). Indeed, "[t]he greater the similarity of the charged crime to the past crime, the higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose–impeachment of credibility." *Id.* Defendant's prior conviction required a finding that he broke

into and entered another person's dwelling while that person was present with the intent to commit some crime therein. *See* Okla. Unif. Jury Instructions CR 5-12. But none of Defendant's federal charges require breaking and entering into another person's home. Nor did his prior crime require a theft or possession of a firearm. Accordingly, these offenses are not so similar that there is a higher likelihood of the jury inferring criminal propensity for his current federal offenses. So, this factor favors admission.

*(4) Importance of Testimony*: When considering the fourth factor, "the Court must determine whether the apprehension of potential impeachment by prior convictions will cause defendant to abstain from testifying, thus damaging his right to a full defense." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *3 (citing United States v. Cueto, 506 F. Supp. 9, 14 (W.D. Okla. 1979)). "If the prior conviction is incredibly damaging or prejudicial, that counsels against admitting the prior conviction." *Id.* That danger is low here—Defendant's prior conviction is not so heinous or shocking that a juror would find him to be morally reprehensible. Accordingly, this factor favors admission.

*(5) Centrality of Credibility*: Finally, when evaluating "the centrality of defendant's credibility at trial," the Court must consider "whether defendant's credibility is a material consideration for the jury. Impeachment by prior conviction is not as important if defendant's anticipated testimony will not be central to a jury determination–e.g., if defendant's testimony is corroborated by other sources." *Ahaisse*, No. 2020-CR-0106, 2021 WL 2290574, at *3. By contrast, "where a case is reduced to a swearing contest between witnesses, the probative value of a conviction is increased." *Id.* (citing *Caldwell*, 760 F.3d at 288). The Government will likely offer video surveillance footage showing Defendant's potential criminal acts. Accordingly, this

case is less likely to turn on a swearing contest, meaning that the importance of Defendant's testimony is lower. So, this factor weighs against admission.

Following a review of the *Smalls* factors, the Court must determine "whether, in light of those factors, the probative value of the evidence outweighs its prejudicial effect." *Ahaisse*, No. 2020-CR-0106, 2021 WL 2290574, at *4 (citing Fed. R. Evid. 609(a)(1)(B)). Because four of the five *Smalls* factors favor admission, the Court finds that the probative value of Defendant's prior conviction outweighs its potential prejudicial effect. Therefore, his prior conviction is admissible for impeachment, although this ruling is preliminary and remains subject to other contextual evidence presented at trial.

**CONCLUSION**

IT IS THEREFORE ORDERED that the admissibility of evidence proffered in the Government's Prior Acts Notice [Dkt. No. 21] is HELD IN ABEYANCE pending supplementation of the Government's Prior Acts Notice within seven days of this Order.

IT IS FURTHER ORDERED that the evidence proffered in the Government's Rule 609 Notice [Dkt. No. 19] is ADMISSIBLE subject to the laying of a proper foundation, satisfaction of the other Federal Rules of Evidence, and presentation of other contextual evidence at trial.

Dated this 2nd day of October 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE